IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LESHUNDRIA BOSWELL,            )
                              )
    Plaintiff,              )
                              )
v.                            )     CASE NO. 2:26-CV-120-MHT-KFP
                              )
WALMART,                      )
                              )
    Defendant.              )

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Defendant Walmart's Motion for More Definite Statement. Doc. 6.[1] The motion is fully briefed and ripe for review. Upon consideration of the parties' filings, the Court finds that the motion is due to be granted.

I.    **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement . . . if the pleading is so vague or ambiguous that the party cannot reasonably prepare a response." *Vargas ex rel. Alvarez v. Lincare, Inc.*, 134 F.4th 1150, 1163 (11th Cir. 2025) (Tjoflat, J., concurring) (quoting Fed. R. Civ. P. 12(e)). "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Faulk v. Home Oil Co.*, 173 F.R.D. 311, 313 (M.D. Ala. 1997) (quoting *Aventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd. P'ship*, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996)). "The motion . . . must point out the defects complained

---

[1] Plaintiff identifies the Defendant as Walmart. The Defendant identifies itself as Wal-Mart Stores East, LP. *See* Doc. 1.

of and the details desired." *Fennell v. Valenza*, 2025 WL 1800202, at *2 (M.D. Ala. June 30, 2025) (quoting Fed. R. Civ. P. 12(e)).

A motion for a more definite statement is properly denied when a plaintiff's complaint constitutes a "short and plain statement of the claim showing that the pleader is entitled to relief," thus giving Defendants with fair notice of the nature and basis of the claims. Fed. R. Civ. P. 8(a); *Hart v. Hodges*, 2005 WL 1630548, at *1 (M.D. Ga. July 8, 2005). Under Rule 8 of the Federal Rules of Civil Procedure, each factual allegation in a complaint should be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Complaints containing mere legal "conclusions[] are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## II.    JURISDICTION

Boswell's Complaint puts forth a cause of action sounding in personal injury tort, thus this action arises under state law.[2] The parties are diverse, and the amount in controversy exceeds $75,000. *See* Doc. 8. Thus, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action" as that determination "calls for a judgment on the merits and not for a dismissal for want of jurisdiction.").

---

[2] *See Johnson v. S. Energy Homes, Inc.*, 391 F. Supp. 2d 1118, 1122 (S.D. Ala. 2005) (applying Alabama law to personal injuries sustained in Alabama); *In re Ethicon Physiomesh Flexible Composite Hernia Mesh Prods. Liab. Litig.*, 706 F. Supp. 3d 1380, 1384 (N.D. Ga. 2024) (applying New York law for personal injuries sustained in New York).

## III.    PLAINTIFF'S COMPLAINT

In her Complaint, Boswell alleges that she choked on a piece of plastic embedded in corn that she bought from a Walmart hot food bar. Doc. 1-3 at 27. As a result, Boswell "struggled to breathe and had throat pain." *Id.* She contacted Walmart, and although they took down her information, they did not follow up with her. *Id.* Boswell alleges that her symptoms worsened, so she went to see a doctor who gave her medication for her scratched throat. *Id.* at 28. Boswell alleges her throat remained sore for three more weeks. *Id.* She claims she contacted Walmart again and provided documentation, but Walmart did not resolve the issue. *Id.*

Accordingly, Boswell requests a jury trial, and she demands $1,000,000 in damages for physical pain, emotional distress, medical costs, and "long-term impact on [her] well-being." *Id.* at 28–29. She also seeks court costs. *Id.* at 29.

## IV.    DISCUSSION

Walmart argues that the Complaint is a shotgun pleading that "does not clearly delineate the cause or causes of action that [Walmart] is called upon to defend." Doc. 6 at 1–2. Walmart asserts that the cover sheet to the Complaint provides that this case is a negligence action, but that such allegations are not clearly written in the Complaint, which can be construed to raise "any negligence or a variety of other claims." *Id.* at 3.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against

3

them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Shotgun pleadings fit into four general categories. *Id.* at 1321. The first and "most common type" of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second type of shotgun pleading is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type fails to isolate "each cause of action or claim for relief" into different counts. *Id.* at 1323. And the fourth type of complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Here, the Complaint resembles the second and third types of shotgun pleading. Regarding the second type, Boswell provides a timeline of events supporting her assertion that Walmart harmed her, but she does not connect this timeline to any particular cause of action. In a section titled "Walmart's Fault," Boswell states that "Walmart sold food that contained plastic"; "did not follow up after [she] reported the incident"; and "failed to keep customers safe and failed to thoroughly investigate." Doc. 1-3 at 28. She then lists various injuries, not limited to throat pain, medical expenses, and emotional distress. *Id.* Yet, Boswell does not connect these alleged wrongs and injuries to any basis sounding in law. Thus, the Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.

4

It follows that Boswell's Complaint also resembles the third type of shotgun pleading because it does not isolate her case into any claims at all. *Id.* at 1323. Boswell's list of ways that Walmart may have harmed her does not notify the Court or Walmart about any possible legal claims. Although this format is admittedly "short and plain," it fails to state any plausible claim against Defendants even under the most liberal construction. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## V.   CONCLUSION

For the reasons stated above, Defendant Walmart's Motion for More Definite Statement (Doc. 6) is GRANTED. It is further

ORDERED that Boswell must file an Amended Complaint on or before **May 28, 2026**, that complies with the Federal Rules of Civil Procedure and the following requirements of this Order:

- a.   The Amended Complaint must include a short and plain statement of Plaintiff's claims and identify any federal causes of action under which Plaintiff brings her claims or allege sufficient facts to support diversity jurisdiction;

- b.   The Amended Complaint must contain specific factual allegations about Defendant's conduct (i.e., what actions Defendant took that constitute the claims being alleged by Plaintiff), clearly indicating which specific factual allegations provide support for which claims against Defendant and noting the relevant dates of all such actions;

- c.   The Amended Complaint must be set out in numbered paragraphs, each limited as far as practicable to a specific set of circumstances, and, if doing so would promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count;

- d.   The Amended Complaint must contain a demand for relief;

e.     The Amended Complaint must exclude generalized and immaterial facts, statements, and allegations not specifically related to Plaintiff's claims for relief; and

f.     The Amended Complaint must be executed by Plaintiff consistent with Rule 11 of the Federal Rules of Civil Procedure.[3]

**Plaintiff is expressly cautioned that her failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed**. Plaintiff is further cautioned that the only issues before the Court will be those raised in the Amended Complaint and that she will not be permitted to rely upon any allegations in the original Complaint not specifically included in the Amended Complaint. *See, e.g.*, *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; 'the original pleading is abandoned by the amendment,

---

[3] Rule 11 provides in part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)     it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)     the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3)     the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(1)-(3). "Rule 11 applies to pro se plaintiffs[.]" *Meidinger v. Healthcare Indus. Oligopoly*, 391 F. App'x 777, 778 (11th Cir. 2010) (citing *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989)). A failure to adhere to Rule 11 can lead to the imposition of sanctions against the offending party, including monetary sanctions. *Id.*

6

and is no longer a part of the pleader's averments against his adversary.'") (citation omitted).

Plaintiff is encouraged to review the section about "representing yourself" on the court's website at http://www.almd.uscourts.gov. The Federal Rules of Civil Procedure, the Local Rules for the Middle District of Alabama, and complaint forms and instructions are also available for review on the website.

DONE this 14th day of May, 2026.

_____
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE